UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS E. MILLER,<br><br>        Petitioner,<br><br>        v.<br><br>L.S. McEWEN, Warden,<br><br>        Respondent. | NO. CV 11-7907-GW (AGR)<br><br><br>ORDER TO SHOW CAUSE |

On September 23, 2011, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the court does not have jurisdiction to consider the petition and, even if it does, the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before ***November 4, 2011***, why it should not recommend dismissal of the petition with prejudice based on lack of jurisdiction or expiration of the one-year statute of limitations.

///

///

**I.**

**PROCEDURAL BACKGROUND**

In 1980, Petition was charged with kidnapping for robbery and robbery. (Petition Attached at 5.) After a jury trial of Petitioner and a co-defendant, the co-defendant was convicted, but the jury hung with respect to Petitioner. (*Id.* at 5-6.) Subsequently, Petitioner pled guilty and was sentenced to prison.[1] (*Id.* at 7.) Petitioner does not indicate that he appealed the 1980 conviction.

In 1997, Petitioner was convicted of being a felon in possession of a firearm, and his sentence was enhanced because of the prior convictions in the 1980 case. (*Id.*)

Petitioner filed a number of state habeas petitions starting in about 2005 and continuing into 2011, which were all denied. (Petition at 4-5 & Attachments D, E, F, & G.)[2]

Petitioner filed his federal habeas petition on September 23, 2011, challenging the 1980 conviction based on ineffective assistance of counsel.[3]

**II.**

**JURISDICTION**

"Section 2254(a)'s 'in custody' requirement "has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the

---

[1] Petitioner does not state the charges to which he pled guilty or the term of his sentence.

[2] Because Petitioner does not attach the state habeas petitions themselves, only the denials, it is unclear what he contended and whether they related to his 1980 conviction or his 1997 conviction. For the purpose of determining whether the petition is time-barred, it is immaterial.

[3] In the form part of the petition, Petitioner appears to challenge the 1997 convictions. (Petition at 2.) However, the sole ground makes it clear he is challenging his 1980 conviction. (*See* Petition at 5 & Attached argument.) In addition, in response to an application to file a second or successive petition in the Ninth Circuit, the Appellate Commissioner reached the same conclusion. *Miller v. Small*, Case No. 11-72376, Dkt. No. 3 ("A review of that application, however, demonstrates that petitioner seeks to file an original petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.").

petitioner is under the conviction or sentence under attack at the time his petition is filed." *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010) (citation and quotation marks omitted). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (per curiam), "[W]hat matters is that [the conditions and restrictions of the petitioner's release] restrain petitioner's liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963).

Petitioner is not in custody as a result of the 1980 conviction but as a result of the 1997 conviction. Therefore, the court does not have jurisdiction to consider the petition.

## III.
## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A.     The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

Petitioner was convicted in 1980. Because Petitioner did not appeal, his conviction became final 60 days later. California Rules of Court 8.308(a) (formerly Rule 30.1). Because the conviction became final before the AEDPA

was enacted, the limitations period expired on April 24, 1997. *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). Absent tolling, the petition is time-barred.

### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because Petitioner did not file his first state habeas petition until 2005, he is not entitled to statutory tolling. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

///

4

### B.     Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

In the context of an ineffective assistance claim, the statute of limitations may start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later.  *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance.  *Hasan*, 254 F.3d at 1154 n.3.

Here, Petitioner knew all of the relevant facts at the time of his plea in 1980.  Indeed, Petitioner acknowledges that he "directed his attorney to withdraw [the pleas], complaining that the attorney had put him in a[] compromised position in which he was forced to take the plea offer." (Petition Attached at 7.)

Accordingly, the discovery date is earlier than the date based on 28 U.S.C. § 2244(d)(1)(A) and does not assist Petitioner.

## IV.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **November 4, 2011**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on lack of subject matter jurisdiction or expiration of the one-year statute of limitations.

///
///
///
///

**Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the court will recommend that the petition be dismissed with prejudice based on lack of subject matter jurisdiction.**

DATED: October 4, 2011

*Alicia G. Rosenberg*
_____
ALICIA G. ROSENBERG
United States Magistrate Judge